IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>  v. )<br>) Criminal No. 10-188<br>EASTON CANNON, )<br>)<br>  Defendant. ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the Court is Defendant Easton Cannon's Motion for Early Termination of Supervised Release, which is opposed by the Government. (Docket Nos. 264, 267). After careful consideration of the parties' positions, Defendant's Motion will be denied.

**I.  BACKGROUND**

On November 30, 2011, Defendant pled guilty to a lesser included offense at Count Three of the Superseding Indictment in this case, that is, conspiracy to distribute and possess with intent to distribute at least 3.5 kilograms but less than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. (Docket Nos. 184, 185). The Honorable Gustave Diamond sentenced Defendant on March 27, 2012, to a term of 120 months' imprisonment followed by an 8-year term of supervised release. (Docket Nos. 211, 212).

Following Defendant's release from imprisonment, his term of supervised released commenced on November 21, 2018. (*See* Docket No. 263). Defendant's case was reassigned to this member of the Court on August 24, 2022, when the Probation Office filed a sealed Report on Offender Under Supervision advising that Defendant had tested positive for cocaine use in July 2022. (*See id.*). According to the Report, Defendant admitted that he had used drugs on a few

1

occasions, conceded that he could benefit from substance abuse treatment services to assist him in maintaining sobriety, and the Probation Office then scheduled him for a substance abuse evaluation. (*Id.*). The Court has not received any reports of drug use by Defendant since that time.

On June 30, 2023, Defendant filed the pending Motion in which he submits that early termination of supervised release is warranted because he has successfully completed five years of supervision, he has been gainfully employed during that time, and he has been offered a job in Ohio and "would like to begin [his] life as a free man." (Docket No. 264). On July 13, 2023, the Government filed a Response opposing Defendant's Motion for early termination of supervised release. (*See* Docket No. 267). Defendant did not file a Reply by the established deadline of July 28, 2023, (*see* Docket No. 265), thus the matter is ripe for disposition.

## II.     DISCUSSION

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that § 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the applicable § 3553(a) factors. *Id.* at 52. The court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted). After considering the applicable § 3553(a) factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* at 52 (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted).

Notably, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or

3

unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.* To reiterate, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (citation omitted).

In view of the standard laid out in *Melvin*, this Court initially considers the pertinent § 3553(a) factors as instructed in § 3583(e)(1) to determine whether early termination of Defendant's supervision is warranted by his conduct and in the interest of justice based on his current circumstances as set forth in his Motion.

The Court first observes that the nature and circumstances of the offense of conviction – conspiring to distribute a significant quantity of cocaine– is an extremely serious offense, and Defendant's conduct relative to this offense underscores this point. In summary, an investigation conducted by the FBI established that Defendant belonged to a cocaine trafficking organization between April and August 2010. (Docket No. 196, ¶ 7). Defendant supplied cocaine to several members of the organization and utilized one of them to transport cocaine and drug proceeds on his behalf. (*Id.*, ¶ 8). When agents searched Defendant's residence, they recovered a half-kilogram of cocaine and a firearm. (*Id.*). Defendant's drug trafficking activity involving a dangerous controlled substance like cocaine presents a danger to the community and potentially devasting consequences for those who become addicted. The seriousness of Defendant's conduct underlying the offense is reflected by the significant sentence of imprisonment Judge Diamond imposed upon him.

Next, consideration of Defendant's history and characteristics do not support early termination of supervision. Notably, Defendant has a lengthy criminal history, which includes two

4

state drug trafficking convictions, a number of convictions for drug possession, and convictions for receiving stolen property, false reports to law enforcement, disorderly conduct and criminal mischief. (Docket No. 196, ¶¶ 25-32). Despite having received a sentence of 11 ½ to 23 months' incarceration for one of his state drug trafficking convictions, (*id.*, ¶ 31), Defendant was not deterred from engaging in the serious criminal conduct in this case. In addition to Defendant's involvement in drug trafficking, his lengthy history of substance abuse involving a variety of controlled substances, (*see id.*, ¶¶ 55, 56), is another pertinent factor in the Court's consideration of his history and characteristics. As discussed, while on supervised release, Defendant tested positive for cocaine use in July 2022, and conceded that he could benefit from substance abuse treatment services to assist him in maintaining sobriety. (Docket No. 263). To Defendant's credit, the Court has not received any reports of drug use since that time, and he represents that he has been gainfully employed while on supervision. Although the Court applauds Defendant's general compliance with the conditions of his supervision and the progress he has made, the serious nature of the drug trafficking offense involved in this case, his criminal history, and his own struggle with substance abuse all weigh against the early termination of his supervised release.

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Defendant, *see* 18 U.S.C. § 3553(a)(2)(B)-(C), weigh against early termination.[2] While it is laudable that Defendant has complied with his supervised release conditions, his compliance "may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term

---

[2]    Based on the present record, the Court does not find that consideration of the need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(D), is relevant or applicable.

5

will achieve its desired effects on the supervised individual and community." *United States v. Miles*, Crim. No. 13-252, 2020 WL 4904019, at *3 (W.D. Pa. Aug. 20, 2020). Accordingly, continued supervision is necessary for its deterrent effect so that Defendant remains on a productive, law-abiding path and avoids engaging in any illicit conduct. Continued supervision also will serve to protect the public from any further criminal activity by Defendant.

Next, the Court does not believe that consideration of the kinds of sentence and sentencing range established for Defendant's crimes, any pertinent policy statements issued by the United States Sentencing Commission,[3] and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§ 3553(a)(4), (a)(5) and (a)(6), weigh in favor of early termination. The Court notes that Defendant was sentenced to the mandatory minimum term of 120 months' imprisonment required by statute, which was well below the applicable career offender guideline range of 262 to 327 months' imprisonment, and the 8-year term of supervised release was required by statute and under the guidelines. (Docket No. 208, ¶¶ 2g, 2j, 3, 4, 5). In this Court's estimation, the 8-year term of supervised release imposed by Judge Diamond remains appropriate, and there is no evidence that this factor warrants early termination of supervised release. Likewise, "[t]here is no evidence that [Defendant's] term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Welling*, Crim. No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021).

---

[3] As to this factor, the Court notes that Application Note 5 to U.S.S.G. § 5D1.2, which addresses early termination and extension of supervised release, recognizes that a court has authority to terminate or extend a term of supervised release and encourages the court to exercise this authority in appropriate cases. For reasons discussed herein, the Court does not find that this is an appropriate case in which to exercise its authority to terminate Defendant's supervised release early.

6

Finally, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is not applicable in this case.

Having considered the § 3553(a) factors, the Court concludes that early termination of supervised release is not warranted by Defendant's conduct and it is not in the interest of justice. *See Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Although Defendant is to be commended for his compliance to date, the Court observes that "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *Welling*, 2021 WL 409834, at *4 (emphasis in original) (citations omitted). Overall, considering the foregoing § 3553(a) analysis, especially the serious nature of Defendant's offense, his criminal history and prior recidivist behavior, the need to deter criminal conduct, and the need to protect the public, the interest of justice is best served by Defendant completing his term of supervised release.

Finally, in analyzing whether early termination of supervision is warranted, the Court is cognizant that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. While Defendant's desire to "begin [his] life as a free man" is understandable, he does not contend that the conditions of his supervised release are somehow impeding his reentry into his community or merely inflicting punishment on him. Overall, the Court concludes that the 8-year term of supervised release is not greater than necessary to achieve the § 3553(a) sentencing goals and it is not contrary to the interest of justice.

### III.     CONCLUSION

Although Defendant need not show a new or unforeseen circumstance, his compliance with the conditions of supervision is expected and required and does not persuade the Court to grant

7

early termination of supervised release.  After considering the specified factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Defendant's term of supervised release is not warranted by his conduct and it is not in the interest of justice.  Accordingly, the Court will deny Defendant's Motion for early termination of his supervision.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 24th day of August, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release, (Docket No. 264), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

United States Probation Office

Easton Cannon (via U.S. mail)
605 2nd Street
Pitcairn, PA  15140